UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

VIRGILIO ESMELIN GONZALEZ REYES,

Petitioner,

v.

TODD BLANCHE,
MARKWAYNE MULLIN,
TODD LYONS and
VERNON LIGGINS,

Respondents.

Civil Action No. 26-2146-TDC

MEMORANDUM ORDER

Petitioner Virgilio Esmelin Gonzalez Reyes, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Gonzalez Reyes is a citizen of the Dominican Republic, and on July 11, 2003, he was granted deferral of removal to the Dominican Republic by an Immigration Judge under the Convention Against Torture ("CAT") (the "CAT deferral order"). The CAT deferral order remains operative. On or about May 14, 2004, Gonzalez Reyes was issued an order of supervision ("OSUP"), setting conditions for his release from immigration custody, and he has resided in the United States for more than 20 years since that time. On or about May 26, 2026, Gonzalez Reyes was detained at a routine check-in appointment and was confined at the United States Immigration and Customs Enforcement ("ICE") Field Office in Baltimore, Maryland. That same day, Gonzalez Reyes filed the present Petition seeking release from immigration detention because his removal to the Dominican Republic cannot be lawfully effectuated while his CAT deferral order remains in force.

On June 2, 2026, the Court held a Case Management Conference in which Respondents represented that they were seeking to remove Gonzalez Reyes to a third country, rather than to the Dominican Republic. The Court thus ordered Respondents to provide to Gonzalez Reyes's counsel, by June 3, 2026, "all records relating to Petitioner's arrest, including all documents provided to Petitioner after his arrest" and stated that "[s]uch documents must identify the country to which Respondents are seeking to remove Petitioner." Order at 1, ECF No. 15. Although Respondents provided Gonzalez Reyes's counsel with certain documents, those documents do not identify the third country to which Respondents are seeking to remove Gonzalez Reyes. Respondents have since stated that there are no documents that identify such a third country.

With leave of the Court, Gonzalez Reyes has filed an Emergency Motion to Supplement the Habeas Petition and for Immediate Release, ECF No. 17, in which he requests immediate release on the grounds that the revocation of his release is void under *United States ex rel. Accardi v. Shaughnessy* ("*Accardi*"), 347 U.S. 260 (1954), because Respondents failed to comply with applicable regulations established to provide due process of law as required by the Fifth Amendment to the United States Constitution, and that Respondents have failed to establish that his removal is significantly likely in the reasonably foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In response, Respondents acknowledge that there are no documents identifying a proposed third country for removal but object to Gonzalez Reyes's release because, in their view, 8 U.S.C. § 1231 and 8 C.F.R. § 241.13(i) do not require such a third-country designation, and Gonzalez Reyes's present detention remains within *Zadvydas*'s presumptively reasonable six-month detention period.

## DISCUSSION

Under the principles set forth in *Accardi*, "an agency's failure to afford an individual procedural safeguards required under its own regulations may result in the invalidation of the ultimate administrative determination." *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999). Under 8 C.F.R. § 241.13, which Respondents cite as the regulation governing Gonzalez Reyes's detention, release may be revoked if, "on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* at § 241.13(i)(2). Under this regulation, it is Respondents' burden to show a significant likelihood that the non-citizen may be removed. *See Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025); *Espada v. Doe*, No. 25-cv-02983-JWH-KES, 2026 WL 181539, at *5 (C.D. Cal. Jan. 20, 2026); *Escalante v. Noem*, No. 25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025).

Here, Respondents have not identified a changed circumstance that supports the conclusion that there is a significant likelihood that Gonzalez Reyes may be removed in the reasonably foreseeable future. Where the CAT deferral order relating to the Dominican Republic remains in place, the only possible changed circumstance is that removal to a third county is now reasonably foreseeable. Yet even when subjected to an order of the Court, Respondents have failed to identify the third country to which they seek to remove Gonzalez Reyes, and they thus necessarily have not shown that a third country is willing to accept him and will issue travel documents for him. *See Zavvar v. Scott*, No. 25-2104-TDC, 2025 WL 2592543, at *7 (D. Md. Sept. 8, 2025) (finding that removal was not reasonably foreseeable based in part on the fact that the petitioner had a valid withholding of removal to his native country of Iran, and the identified third countries for removal had not accepted the petitioner or issued him travel documents); *Espada*, 2026 WL 181539, at *6

(finding a violation of 8 C.F.R. § 241.13 where the petitioner was not removable to his home country and ICE officials had never identified a third country willing to accept the petitioner or any changed circumstances since his initial release that made it more likely that he would be removed to a third country).

Further, where ICE officials have previously testified that steps to effectuate a third-country removal should begin at the time a removal order is issued, *see Zavvar*, 2025 WL 2592543, at *7, the Court infers from Respondents' failure over the past 20 years to identify a third country to which Gonzalez Reyes can be removed that there is no significant likelihood of his removal in the reasonably foreseeable future, particularly where Respondents cannot presently identify a specific country to which they can and will remove him. *See Tadros v. Noem*, No. 25cv4108 (EP), 2025 WL 1678501, at *3 (D.N.J. June 13, 2025) (as to a noncitizen with CAT deferral of removal status who was detained after 16 years on release, granting a petition where the Court found that there was no significant likelihood of removal in the reasonably foreseeable future because the Government had been unable to secure a third-country removal for 15 years, and the only evidence of ongoing efforts to remove him was a general statement that such efforts are being made). Thus, where Respondents violated their own regulation in revoking Gonzalez Reyes's release absent changed circumstances, *see* 8 C.F.R. § 241.13(i)(2), and such a regulation was put in place to provide due process, the Court concludes that the revocation of Gonzalez Reyes's release and thus his ongoing detention are unlawful under the *Accardi* doctrine and violate his right to due process. Accordingly, the Court will grant the Motion on that basis.

For the same reasons, the Court also concludes that Respondents have failed to establish that Gonzalez Reyes's removal is significantly likely in the reasonably foreseeable future under *Zadvydas*. The Court incorporates by reference its analysis of *Zadvydas*, including the applicable

4

legal framework, in *Zavvar v. Scott*, No. 25-2104-TDC, 2025 WL 2592543, at *3–6 (D. Md. Sept. 8, 2025). Although Respondents argue that Gonzalez Reyes is still within *Zadvydas*'s presumptively reasonably six-month detention period, where Gonzalez Reyes did not receive his OSUP until May 2004, approximately 10 months after his final order of removal, he appears to have been detained for over six months, and regardless, where Respondents had over 20 years to make arrangements for Gonzalez Reyes's removal, the six-month period appears to have expired in 2004. *See Zavvar*, 2025 WL 2592543, at *4 ("[T]here is, at a minimum, a reasonable argument that the six-month period runs continuously from the beginning of the removal period, even if the noncitizen is not detained throughout that period."). Regardless, even if Gonzales Reyes remains within *Zadvydas*'s presumptively reasonable six-month detention period, the Court finds that such a presumption is rebuttable and that Gonzalez Reyes has rebutted that presumption because, as discussed above, Respondents have been unable to remove him for 20 years and there is no basis to conclude that a third-country removal is reasonably foreseeable where Respondents have not identified any country that will accept him. *See id.* at *5, *7. Accordingly, the Motion is also granted on the basis that, under *Zadvydas*, Gonzalez Reyes's detention is not authorized by 8 U.S.C. § 1231 and thus violates due process.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Gonzalez Reyes's Motion for Immediate Release, ECF No. 17, is GRANTED.

2. Respondents are directed to release Gonzalez Reyes from the Baltimore Field Office of U.S. Immigrations and Customs Enforcement located at 31 Hopkins Plaza, 6th Floor, Baltimore, Maryland 21201 no later than **Wednesday, June 17, 2026 at 5:00 p.m.**, under the same conditions, if any, governing his previous release.

5

3. Within **7 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. The Joint Status Report shall also state whether the parties agree that Gonzalez Reyes's Petition may be dismissed as moot, and that the case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: June 15, 2026



THEODORE D. CHUANG
United States District Judge